```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FAYETTEVILLE DIVISION

CREATIVE FOOD PRODUCTS, LLC,
D/B/A GREAT CREATIONS, LLC                              PLAINTIFF

          v.            Civil No. 09-5118

DICKINSON FROZEN FOODS, INC.,
d/b/a Norsun Food Group, Inc.                           DEFENDANT
```

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the undersigned for issuance of a Report and Recommendation is the Plaintiff's **Motion to Strike (Doc. 41)** Defendant's Answer to Plaintiff's Amended Complaint and the Defendant's Response (Doc. 43) to the Motion to Strike. The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

1.   In its original complaint filed on June 22, 2009, Plaintiff identified itself as "Great Creations, LLC." On December 17, 2010, Plaintiff filed a Motion to Amend the Complaint (Doc. 35), asserting that, during the course of discovery, counsel for Plaintiff realized that the Plaintiff's corporate name was actually "Creative Food Products, LLC" and that a fictitious name registration permitted it to do business under the fictitious name "Great Creations, LLC."

2.   The undersigned granted the motion to amend pursuant to the provisions of Rule 17(a)(3) authorizing substitution of the real party in interest. (Doc. 37.) Plaintiff, thereafter, filed

an amended complaint correcting its corporate name (Doc. 38) and the Defendant filed an answer thereto (Doc. 39).

3.   In the motion now before the undersigned, Plaintiff asserts that the Defendant's answer to the amended complaint should be stricken, as it raises, for the first time – after expiration of the deadlines for discovery and amendment of pleadings – multiple affirmative defenses which "have nothing whatsoever to do with ... [the] name clarification" in the amended complaint.  (Doc. 41 at pg. 1.)  Plaintiff argues that the Court should strike the answer in its entirety or at least strike those additions to the answer that have nothing to do with the name clarification in its amended complaint.  Plaintiff asserts that it will be prejudiced by the untimely assertion of the newly asserted affirmative defenses, as it does not have the ability to conduct discovery into the factual basis for the assertion of these defenses.  Plaintiff points out that the Defendant does not allege or identify any factual basis for these new defenses and, thus, Plaintiff "has absolutely no idea as to the nature or basis for which these defenses are now being asserted."  (Doc. 42 at pg. 3.)

Plaintiff alternatively argues that if the answer is not stricken, Plaintiff should be allowed an additional period of time to engage in discovery with respect to the basis for the newly asserted defenses.

4.   The Defendant responds that its answer to the amended complaint timely asserts defenses based upon Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and 12(b)(7)(failure to join a party under Fed. R. Civ. P. 19), as these defenses may be raised at any time prior to the close of trial.  The Defendant further asserts that the defense of unclean hands that it asserted for the first time in its answer to the amended complaint is a non-waivable defense and, in fact, is not a defense that must be pled at all.

5.   Fed. R. Civ. P. 12(h)(2) provides that a Rule 12(b)(6) failure to state a claim defense and a Rule 12(b)(7) failure to join a party defense can be raised in a pleading, in a Rule 12(c) motion for judgment on the pleadings, or even at trial.  Thus, there is no basis for striking the assertion of these defenses from the Defendant's answer to Plaintiff's amended complaint. That said, the deadline for filing dispositive motions has long since passed, and thus, the Defendant may only assert these defenses at the time of trial.  See Colon v. Fraticelli, 181 F.Supp.2d 48, 50 n.1 (D. P.R. 2002); Simmons v. Justice, 196 F.R.D. 296, 297-98 (W.D. N.C. 2000).

With regard to Plaintiff's alternative request to extend the discovery deadline to allow Plaintiff to explore the basis for these defenses, Plaintiff is correct that the Defendant's answer to the amended complaint states no basis for the Rule 12(b)(6) &

12(b)(7) defenses.  (Doc. 39 ¶ 29.)  In the Defendant's Response to the Motion to Strike its answer, Defendant explains that the Plaintiff entered into a settlement agreement with Schwan's Home Service, Inc., and that if the Plaintiff presents evidence at trial "that it – and not Schwan's - has incurred ... damages by virtue" of entering into the settlement agreement, then the Defendant "may have available" the above defenses.  (Doc. 43 at pg. 10.)  Based on the Defendant's explanation, the Rule 12(b)(6) and 12(b)(7) defenses do not appear to raise factual issues not already developed by the parties.  Accordingly, an extension of the discovery deadline based on these defenses does not appear warranted.

     6.   With regard to the newly asserted unclean hands defense, this doctrine is an affirmative defense.  See Union Elec. Co. v. Southwestern Bell Tel. L.P., 378 F.3d 781, 789 (8th Cir. 2004); H&R Block Enter., Inc. v. Short, 2006 WL 3437491, *6 (D. Minn. 2006).  Fed. R. Civ. P. 8(b)(1) requires that defenses be stated "in short and plain terms."

    The Defendant's assertion of unclean hands in its answer to the amended complaint contains no factual basis and consists of merely a conclusory allegation.  Thus, the Defendant failed to comply with Rule 8's pleading requirements and this defense should, therefore, be stricken from the Defendant's answer.  See Heller Fin., Inc. v. Midwhey Powder Co., Inc. 883 F.2d 1286, 1295

(7th Cir. 1989) (finding affirmative defenses meritless where they were nothing but bare bones allegations and omitted any short and plain statements of facts); IMX, Inc. v. E-Loan, Inc., 2010 WL 4321538, *1 (S.D. Fla. Nov. 1, 2010) (pleading requirements under Rule 8 for claims and defenses are essentially the same; in pleading a defense, a party must state it in short and plain terms and, as with a claim asserted in a complaint or counterclaim, an affirmative defense may not contain only bare bones conclusory allegations).

    7.  Based on the foregoing, the undersigned recommends **GRANTING** Plaintiff's **Motion to Strike (Doc. 41)** the unclean hands defense asserted in the Defendant's answer to Plaintiff's amended complaint.  The undersigned recommends **DENYING** the **Motion to Strike (Doc. 41)** in all other respects and also **DENYING** Plaintiff's alternative request for additional time to conduct discovery with respect to the defenses asserted in the answer to the amended complaint.

    **Given that the trial of this matter is rapidly approaching, the parties are directed to file any written objections to this Report and Recommendation by March 9, 2011.  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must**

**be both timely and specific to trigger de novo review by the district court.**

      **DATED** this 2ND day of March, 2011.

                                          /s/ *Erin L. Setser*
                                        ERIN L. SETSER
                                        UNITED STATES MAGISTRATE JUDGE